IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| PETER CHAKIRIS; JOHN MOORE; AND CHAD AZZALINE,<br><br>*Plaintiffs*,<br><br>v.<br><br>MARE TARIM GIDA SANAYI TICARET LTD. STI,<br><br>*Defendant*. | Civil Action No: _____<br><br>(Removed from Business Litigation Session of the Superior Court of Suffolk County, Massachusetts; Civil Action No.: 2584CV01551-BLS2) |

## NOTICE OF REMOVAL

Defendant Mare Tarim Gida Sanayi Ticaret Ltd. Sti ("Mare") gives notice of the removal of this civil action from the Business Litigation Session of the Superior Court of Suffolk County, Massachusetts, to the United States District Court for the District of Massachusetts, Eastern Division. Mare removes this action with express reservation of claims and defenses it may have. As grounds for removal, Mare would show as follows.

### FACTUAL AND PROCEDURAL HISTORY

On or about June 4, 2025, Plaintiffs Peter Chakiris, John Moore, and Chad Azzaline (collectively, "Plaintiffs") filed a Complaint in the Superior Court of Suffolk County, Massachusetts, seeking to vacate a $310,318.45 arbitral award entered against them and Binder International of Boston, LLC. Plaintiffs never served Mare with the original Complaint.

On or about July 8, 2025, Plaintiffs filed their Amended Complaint, which sought relief identical to that sought in their Complaint. Am. Compl. & Service Docs., Ex. 1. Mare was served a copy of the Summons and Amended Complaint on September 29, 2025. *See id.*

## PARTIES

Defendant Mare is a Turkish limited liability company with a principal place of business located at Sumer Mah. 2482/2 Sk. Skycity B Blok Is Merkezi No:4/1 Merkezefendi, Denizli, Türkiye 20020. *Id.* at 10 ¶ 4. Plaintiff Chakiris is an individual residing in Framingham, Massachusetts. *Id.* ¶ 1. Plaintiff Moore is an individual residing in Hood River, Oregon. *Id.* ¶ 2. Plaintiff Azzaline is an individual residing in Franklin, Wisconsin. *Id.* ¶ 3.

## JURISDICTIONAL BASIS FOR REMOVAL

**I.  This Court has diversity jurisdiction under 28 U.S.C. § 1332, so removal is proper under 28 U.S.C. § 1441.**

The parties to this action are completely diverse and the amount in controversy is satisfied.

Plaintiffs seek to vacate a $310,318.45 arbitral award. That amount exceeds Section 1332(a)'s $75,000 amount-in-controversy requirement. Plaintiffs are citizens of various States; Mare is a Turkish limited liability company with no members who are citizens of the United States, and accordingly, no members who are citizens of Massachusetts, Oregon, or Wisconsin. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a), and removal is proper under 28 U.S.C. § 1441.

## II. This Court has original jurisdiction under Chapter 2 of the Federal Arbitration Act, so removal is proper under 9 U.S.C. § 205.

This Court also has original jurisdiction under 28 U.S.C. § 1331 and 9 U.S.C. § 203.

Plaintiffs are individuals residing in the United States. Mare is a Turkish company. Plaintiffs seek to vacate an arbitral award entered in Mare's favor; that underlying award arises from a contractual dispute. Because the arbitral award arises out of a "commercial" relationship that is not "entirely between citizens of the United States," the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") applies to this action. 9 U.S.C. § 202; *see also* Ex. 1 at 29 (acknowledgment in Final Award that the New York Convention applies). And because this action "fall[s] under" the New York Convention, this Court has "original jurisdiction" under Chapter 2 of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States."); *see also Reddy v. Buttar*, 38 F. 4th 393, 398 (4th Cir. 2022) (noting "jurisdictional grant" in 9 U.S.C. § 203 "parrots the grant of federal-question jurisdiction in 28 U.S.C. § 1331" and concluding both sections "confer subject matter jurisdiction" in actions falling under the Convention). This case is therefore removable under 9 U.S.C. § 205. *See GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 436 (2020).

### ADDITIONAL REMOVAL REQUIREMENTS

Under each jurisdictional ground above, all requirements for removal are

satisfied.

- Mare has not previously removed this action.

- Venue for removal is proper in this Court, as the Superior Court of Suffolk County is within the "district and division" of this Court. *See* 28 U.S.C. § 1446(a); 9 U.S.C. § 205.

- This Notice of Removal is timely under 9 U.S.C. § 205, which allows for removal "at any time before . . . trial."

- This Notice of Removal is timely even if 9 U.S.C. § 205 did not apply, as it was filed within 30 days of September 29, 2025, the date that Mare was formally served with the Amended Complaint. *See* 28 U.S.C. § 1446(b); *In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d 190, 194–195 (D. Mass. 2004) (citing *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

- As required by 28 U.S.C. § 1446(a), Mare has attached "all process, pleadings, and orders served upon [it]" in the underlying state-court action. Further, as required by local rule, Mare will electronically file certified or attested copies of "all docket entries, records, and proceedings" in the underlying state-court action. L.R., D. Mass. 5.4(f), 81.1(a).

- Mare is contemporaneously filing a Notice of Filing of Notice of Removal in the Superior Court of Suffolk County, Massachusetts, and serving written copies of the same on Plaintiffs. *See* 28 U.S.C. § 1446(d).

Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of Mare's ability to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter available under the Massachusetts or Federal Rules of Civil Procedure, state or federal statute, common law, or otherwise.

If any question arises as to the propriety of the removal of this action, Mare respectfully requests the opportunity to present briefing and oral argument. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014). Under 28 U.S.C. § 1446(d), no further proceedings shall be had in the Superior Court of Suffolk

County, Massachusetts.

## CONCLUSION

Mare respectfully requests that this Court take jurisdiction of this matter and issue all necessary orders and process to complete the removal of this action from the Superior Court of Suffolk County, Massachusetts to the United States District Court for the District of Massachusetts, Eastern Division.

**RESPECTFULLY SUBMITTED**, on October 17th, 2025.

| | |
|---|---|
| | By: /s/ *Justin P. O'Brien* |
| Jennifer Morrison Ersin | Justin P. O'Brien (BBO #658765) |
| R. Sumner Fortenberry | Lovett O'Brien LLP |
| Bradley Arant Boult Cummings LLP | 155 Federal Street, Suite 1300 |
| 1900 K Street, NW | Boston, MA 02110 |
| Washington, DC 20006 | 617-371-1035 |
| jersin@bradley.com | jobrien@lovettobrien.com |
| sfortenberry@bradley.com | |
| (Pro Hac Vice Admission Pending) | *Attorneys for Petitioner Mare Tarim Gida Sanayi Ticaret Ltd. Sti* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and sent the same by First Class United States Mail to the following:

Dalton & Finegold, LLP
125 High Street
High Street Tower, Suite 405
Boston, MA 02110
c/o David Aisenberg, Esq.

/s/ *Justin P. O'Brien*
Justin P. O'Brien